**EGAN MACHINERY CO. and American Mutual Insurance Company, Plaintiffs,**

v.

**MOBIL CHEMICAL COMPANY, Defendant.**

**Civ. No. B–83–666 (WWE).**

United States District Court, D. Connecticut.

July 8, 1986.

J. Kevin Golger, George L. Holmes, Jr., McNamara, Clancy & Kenney, Bridgeport, Conn., for plaintiffs.

Peter M. Nolin, Ernest J. Mattei, Lynn Anne Glover, Day, Berry & Howard, Hartford, Conn., for defendant.

EGINTON, District Judge.

After review and absent objection the opinion of the Magistrate is hereby ADOPTED, RATIFIED, and AFFIRMED.

MEMORANDUM AND ORDER

June 23, 1986

THOMAS P. SMITH, United States Magistrate.

In a classic UCC § 2–207 battle of the forms the warring parties use their boilerplate armies in an attempt to control the high ground by making their assent conditional on their right to set the conditions of

the contract. In fashioning a peace between the combatants the court first looks to whether the exchanged forms created a contract. If a contract has been formed in this way, the court next determines which additional or different terms control by reference to § 2–207(2). *Daitom, Inc. v. Pennwalt Corporation,* 741 F.2d 1569 (10th Cir.1984). In deciding defendant's renewed motion for summary judgment, the court here considers the significance of two boilerplate contract clauses. The first is plaintiff's assertion that "this offer is accepted on the condition that our Standard Conditions of Sale, which are attached hereto and made a part hereof, are accepted by you." The second is defendant's clause stating: "Important—this order expressly limits acceptance to terms stated herein, and any additional or different terms proposed by seller are rejected unless expressly agreed to in writing." For the reasons set out below, the court concludes that a contract was created by the exchange of forms and that the additional term at issue here—an indemnity provision—did not become part of the contract. Accordingly, summary judgment should enter for the defendant.

The facts pertinent to the instant motion are easily recounted. In response to the defendant's Request for Bid on a two-sided eighty inch precoater, the plaintiff submitted two Quotations, one on April 5, 1973, and one on April 27, 1973. These Quotations describe in detail the components of the precoater, the precoater's operation, and those material to be supplied by the plaintiff and the defendant. Aside from price, conditions of sale are not included in the Quotations.

On May 2, 1973, the defendant submitted a Requisition/Purchase order ("Order") for the precoater described in the plaintiff's quotations. The Requisition/Purchase Order contained the following language:

> Please enter our order for the following, subject to conditions set forth in this order and on the reverse side hereof. Important—this order expressly limits acceptance to terms stated herein, and any additional or different terms pro-

posed by the seller are rejected unless expressly agreed to in writing.

The conditions listed in the Order did not include an indemnification provision.

In response to the defendant's Order, the plaintiff submitted an Order Acknowledgment ("Acknowledgment") on May 8, 1973. This Acknowledgment provided that

> This order is accepted on the condition that our Standard Conditions of Sale, which are attached hereto and made a part hereof, are accepted by you, notwithstanding any modifying or additive conditions contained on your purchase order. Receipt of this acknowledgment by you without prompt written objection thereto shall constitute an acceptance of these terms and conditions.

Paragraph 12 of the plaintiff's Standard Conditions of Sale, the provision at issue here, provides that

> The purchaser shall use and shall require its employees to use all safety devices and guards and maintain the same in proper working order. Purchaser shall use and require its employees to use safe operating procedures in operating the equipment. If purchaser fails to observe the obligations contained in this paragraph, purchaser agrees to indemnify and save Egan harmless from any liability or obligation incurred by Egan to persons injured directly or indirectly in connection with the operation of the equipment. Purchaser further agrees to notify Egan promptly and in any event within 30 days, of any accident or malfunction involving Egan's equipment which results in personal injury or damage to property and to cooperate fully with Egan in investigating and determining the causes of such accident or malfunction. In the event the purchaser fails to give such notice to Egan, purchaser agrees to indemnify and save Egan harmless from any claims arising from such accident or malfunction.

In October 1977 one of the defendant's employees was injured while operating the precoater purchased from the plaintiff. The employee filed suit against the plaintiff and its insurer, Amico. This action

culminated in a stipulated judgment by which Amico, as the plaintiff's insurer, paid the Mobil employee $75,000. The instant action then followed the stipulated judgment.

The defendant filed its initial motion for summary judgment on June 20, 1984. On November 24, 1985, this court denied that motion without prejudice and alerted counsel to *Daitom, Inc. v. Pennwalt Corporation*, 741 F.2d 1569 (10th Cir.1984), a case cited by neither party but which the court considered sound and persuasive on the issues raised by the defendant's motion. Heeding the court's suggestion, both parties on the pending renewed motion for summary judgment have looked to *Daitom* for a useful analytical framework and for substantive law. As a result, the issues to be resolved are narrow.

Before reaching those issues, however, a few points need be briefly mentioned. The first is that Connecticut's version of UCC § 2–207, Conn. Gen. Stat. § 42a–2–207, applies here. But because the Connecticut Supreme Court has not addressed the issues presented by the defendant's motion, this court, sitting in diversity, must make an estimate of what that court would do if faced with the same issues. *Brastex Corp. v. Allen International, Inc.*, 702 F.2d 326, 330 (2d Cir.1983). Next, it is well settled that to prevail on a motion for summary judgment the moving party must demonstrate the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. *Heyman v. Commerce and Industry Ins. Co.*, 524 F.2d 1317, 1320 (2d Cir.1975). Summary judgment may be employed in disputes involving the interpretation of unambiguous contracts. *Wards Co., Inc. v. Stamford Ridgeway Associates*, 761 F.2d 117, 120 (2d Cir.1985).

The arguments of the parties can also be sketched briefly. In opposing the motion, the plaintiff argues that no contract was formed by the exchange of documents because its conditional acceptance clause meets the specificity requirement of § 2–207(1)'s exception provision. Continuing, the plaintiff argues that a contract was formed instead by the conduct of the parties and that according to the UCC's gap fillers of custom and usage it became a genuine issue of material fact as to whether the indemnity provision became a term of the contract, thus making summary judgment inappropriate.

In contrast, the defendant argues that a contract was formed by the exchange of documents because the plaintiff failed to explicitly declare its unwillingness to proceed with the contract unless its conditions, including the indemnity provision, were accepted. Moreover, the defendant contends the indemnity provision did not become part of the contract because it was an additional term that the defendant rejected by not expressly assenting to it.

 Turning first to the claimed conditional acceptance language of the plaintiff's Order Acknowledgment,[*] it is clear, following the lead of *Daitom*, and predicting that the Connecticut Supreme Court would do the same, that the clause is not sufficiently explicit to declare the plaintiff's intention to abort the contract unless it were sure of the defendant's assent to additional or different terms because the clause does not come out and state just that. *Daitom, supra*, 741 F.2d at 1577. Courts have required that clauses such as the one here be strictly construed. *Reaction Molding Technologies v. General Electric Co.*, 588 F.Supp. 1280, 1288 (E.D. Pa.1984). The conditional acceptance clause will convert an acceptance into a counteroffer only where the offeree clearly reveals its unwillingness to proceed with the transaction unless it is assured of the offeror's assent to additional or different terms. *Dorton v. Collins & Aikman Corp.*, 453 F.2d 1161, 1168 (6th Cir.1972). This the plaintiff's clause did not do.

---

[*] The defendant's Requisition/Purchase order became the offer in this exchange of documents partly because it was the first exchanged form with conditions, *Reaction Molding Technologies v. General Electric Co.*, 585 F.Supp. 1097, 1106–07 (E.D.Pa.1984) (citing J. White & R. Summers, Uniform Commercial Code at 27, and partly because the plaintiff's Order/Acknowledgment form characterizes itself as an acceptance with the phrase "this order is accepted."

The plaintiff's clause here falls short of creating a conditional acceptance partly because it fails to declare in clear terms the plaintiff's unwillingness to go forward unless its additional different terms are assented to by the defendant. Instead, the clause speaks in generalities, using limiting rather than conditional language. *Reaction Molding, supra,* 588 F.Supp. at 1258, presuming the defendant's acceptance of its Standard Conditions at Sale unless the defendant responded with prompt written objection. This is not enough. The focus of § 2–207(1) is on explicit, not implicit, statements of intent. *See Dorton, supra,* 453 F.2d at 1168.

Moreover, the single case upon which the plaintiff relies is distinguishable. In *Uniroyal, Inc. v. Chambers Gasket and Manufacturing,* 177 Ind.App. 508, 380 N.E.2d 571 (1978), the seller's disputed clause used the word "conditional" and required the buyer to notify the seller in writing within seven days if it does not accept the conditions of sale. Such specific references are lacking in the clause at issue here.

 The plaintiff's failure to explicitly declare its unwillingness to proceed with the contract unless its conditions were accepted compels the conclusion that a contract was formed by the exchanged forms on the consistent terms but leaves unresolved the issue of whether the indemnity provision became a term of the contract. In resolving this issue it should be noted first that the indemnity provision must be considered an additional term not only because there is no conflicting term but because the plaintiff has so acknowledged it. With this established, the question narrows, under the *Daitom* analysis, to whether the defendant's offer, under § 2–207(2), expressly limits acceptance to the terms of the offer. This it clearly did with the statement, "important—this order expressly limits acceptance to terms stated herein, and any additional or different terms proposed by the seller are rejected unless expressly agreed to in writing." Nearly identical language was found equal to the task of limitation in *Lockheed Electronics Co., Inc. v. Keronix, Inc.,* 114 Cal App.3d 304, 170

Cal.Rptr. 591, 30 U.C.C.Rep. 827 (1981), and, similarly, it is sufficient for the defendant's purposes here. As a result, the indemnity provision proposed by the plaintiff did not become part of the contract.

As the indemnity provision at issue here did not become a term of the contract, the defendant's motion should be granted.

The parties are entitled to seek timely review.